UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CHANEL, INC.,

                Plaintiff,

    -against-

JACOV T. SCHWARTZ, et al.,

                Defendants.

------------------------------------------------------------ X

**ORDER**

06 Civ. 3371 (BMC) (JO)

**COGAN**, District Judge.

      This matter is before the Court upon the Report and Recommendation of Magistrate Judge James Orenstein, pursuant to an Order of Referral as to plaintiff's motion for a default judgment. A copy of the Report and Recommendation is attached hereto. Plaintiff has timely filed limited objections. I adopt the Report and Recommendation as the Decision and Order of this Court with the following modifications:

**I. Injunctive Relief**

      As plaintiff points out, there are more interests at stake in an infringement case than in some two-party disputes; the protection of the public from blatant acts of infringement like those at issue here is of paramount importance. Plaintiff has met its burden of showing that the infringement is likely to continue by showing that the products were being continuously offered on a sophisticated website at the time it commenced this action. If defendants had appeared, that showing would have shifted the burden to defendants to show that the website was taken down. Defendants do not get a benefit from their default of not having to rebut plaintiff's showing.

I agree with plaintiff's argument that even if it had taken the Magistrate Judge's invitation to update its proof on the issue by offering snapshots of the current website, that would conclusively establish only that infringement had occurred between the initial showing and the updated showing. An inference must be made as to whether the infringement will continue, and defendants do not get the benefit of the doubt, by reason of their default, that it has ceased. I respectfully disagree with any implication in the Report and Recommendation that plaintiff should have sent a pre-suit letter to later obtain injunctive relief. Defendants have ignored the summons and complaint issued by this Court; the motion for a default judgment; the Magistrate Judge's scheduling Order and his Report and Recommendation; and plaintiff's objections. Sending a pre-suit warning letter would have no additional probative value in determining whether defendants intend to continue violating the law.

In any event, plaintiff has updated its showing in conjunction with its objection, and the offensive material is still there on the website, and defendants are still presumably making sales, more than a year since this action was filed. There is sufficient proof to support injunctive relief.

## II. Damages

I accept the Report and Recommendation's conclusion that plaintiff's damage theory is too speculative, and the methodology developed by the Magistrate Judge has more integrity and is a more intelligent means of calculating damages. I would note again, however, the need to prevent a defaulting defendant from reaping a financial benefit by reason of his default. If defendants had appeared, information as to their profits would have been obtained, and any element of speculation would have been eliminated. It is true that plaintiff might have expanded its investigation to permit a further extrapolation, but courts need to recognize the financial constraints involved in policing a well-known mark like that of plaintiff against the enormous

world-wide army of counterfeiters. The huge costs of policing the mark are a societal cost, and plaintiff cannot be faulted too heavily for choosing the cut-off point in any particular case.

Therefore, although I accept the Report and Recommendation's damages calculation, I also allow the possibility that if plaintiff pursues supplemental proceedings under Fed. R. Civ. P. 69(a) and N.Y. C.P.L.R. Article 52, and discovers information suggesting a more accurate formula for calculating damages, that information may constitute newly discovered evidence that would permit amendment of the judgment under Fed. R. Civ. P. 60(b). There is no need, however, to refer to that possibility in the judgment that the Court will issue.

## **CONCLUSION**

Plaintiff's motion [7] for a default judgment is granted. The Report and Recommendation [11] is adopted as the Decision and Order of this Court, subject to the modifications set forth above. Plaintiff is directed to submit a proposed form of Final Judgment and Permanent Injunction within ten (10) days from entry of this Order.

**SO ORDERED.**                                        /s/(BMC)
                                                      _____
                                                              U.S.D.J.

Dated: Brooklyn, New York
       November 16, 2007

3